IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DAVID N. LAMBETH, D/B/A LAMBETH SYSTEMS (A SOLE PROPRIETORSHIP),<br><br>PLAINTIFF,<br><br>vs.<br><br>ACACIA RESEARCH CORPORATION; SBS MAGNETICS LLC,<br><br>DEFENDANTS. | Civil Action No. 2:13-cv-194<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT SBS MAGNETICS LLC'S ANSWER TO ORIGINAL COMPLAINT**

Defendant SBS Magnetics LLC ("Defendant" or "SBS"), hereby answers the Original Complaint (the "Complaint") filed by Plaintiff David N. Lambeth, d/b/a Lambeth Systems ("Plaintiff" or "Lambeth"), and asserts its affirmative defenses as follows:

**NATURE OF THE ACTION**

1. The allegations contained in Paragraph 1 are not directed to SBS and, therefore, require no response. To the extent that a response is required, SBS admits that SBS entered into an agreement with Plaintiff. SBS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 1 of the Complaint, and therefore denies each such allegation.

2. The allegations contained in Paragraph 2 are not directed to SBS and, therefore, require no response. To the extent that a response is required, SBS admits that it entered into an agreement with Plaintiff SBS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 2 of the Complaint, and therefore denies each such allegation.

1

3. SBS admits that it entered into an agreement with Plaintiff effective December 18, 2010 (the "Agreement"), which agreement speaks for itself. The remaining allegations contained in Paragraph 3 are not directed to SBS and, therefore, require no response. To the extent that a response is required, SBS denies the remaining allegations in Paragraph 3 and footnote 1 of the Complaint.

4. SBS denies the allegations in Paragraph 4 of the Complaint.

## PARTIES

5. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 5 of the Complaint, and therefore denies each such allegation.

6. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 6 of the Complaint, and therefore denies each such allegation.

7. SBS admits that it is a Texas limited liability company having a place of business at 6136 Frisco Square Boulevard, Suite 385, Frisco, TX 75034. SBS admits that its registered agent is: Registered Agent Solutions, Inc. SBS denies the remaining allegations contained in Paragraph 7.

## JURISDICTION AND VENUE

8. SBS admits that this action purports to arise under 28 U.S.C. § 1332 and that the parties as pled are of diverse citizenship. SBS denies the remaining allegations contained in Paragraph 8, including that Plaintiff has stated a claim for damages in excess of $75,000.00, exclusive of interests and costs.

9. SBS admits that the Agreement Section 7.1 speaks for itself and denies the remaining allegations contained in Paragraph 9.

10. SBS admits that it is subject to the jurisdiction of this Court.

11. The allegations contained in Paragraph 11 are not directed to SBS and, therefore, require no response. To the extent that a response is required, SBS lacks knowledge or

information sufficient to form a belief about the truth of the allegations set forth in Paragraph 11 of the Complaint, and therefore denies each such allegation.

12. SBS admits that it is subject to the jurisdiction of this Court.

## FACTUAL BACKGROUND

13. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 13 of the Complaint, and therefore denies each such allegation.

14. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 14 of the Complaint, and therefore denies each such allegation.

15. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 15 of the Complaint, and therefore denies each such allegation.

16. SBS admits U.S. Patent No. 7,128,988 speaks for itself and lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 16 of the Complaint, and therefore denies each such allegation.

17. SBS admits the Singapore, Korea, Japan and European Union counterparts to U.S. Patent No. 7,128,988 speak for themselves and lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17 of the Complaint, and therefore denies each such allegation.

18. SBS admits that Exhibit A purports to be a copy of the Agreement and that the Agreement speaks for itself. SBS denies the remaining allegations contained in Paragraph 18.

19. SBS admits that the Agreement and that the Agreement speaks for itself. SBS denies the remaining allegations contained in Paragraph 19.

20. The allegations contained in Paragraph 20 are not directed to SBS and, therefore, require no response. To the extent that a response is required, SBS lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint, and therefore denies each such allegation.

21. SBS admits that the Agreement Section 3.4 speaks for itself and denies the remaining allegations contained in Paragraph 21.

22. The allegations contained in Paragraph 22 are not directed to SBS and, therefore, require no response. To the extent that a response is required, SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint, and therefore denies each such allegation.

23. The allegations contained in Paragraph 23 are not directed to SBS and, therefore, require no response. To the extent that a response is required, SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint, and therefore denies each such allegation.

24. The allegations contained in Paragraph 24 are not directed to SBS and, therefore, require no response. To the extent that a response is required, SBS denies the allegations in Paragraph 24 of the Complaint.

25. The allegations contained in Paragraph 25 are not directed to SBS and, therefore, require no response. To the extent that a response is required, SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint, and therefore denies each such allegation.

26. SBS admits that SBS filed as a Domestic Limited Liability Company on December 7, 2010 in the State of Texas. SBS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 26 of the Complaint, and therefore denies each such allegation.

27. SBS denies the allegations in Paragraph 27 of the Complaint.

28. The allegations contained in Paragraph 28 are not directed to SBS and, therefore, require no response. To the extent that a response is required, SBS lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies each such allegation.

29. The allegations contained in Paragraph 29 are not directed to SBS and, therefore, require no response. To the extent that a response is required, SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies each such allegation.

30. SBS denies the allegations in Paragraph 30 of the Complaint.

31. SBS admits that Exhibit B purports to be a Consulting Agreement but denies that Exhibit B is enforceable as it was, *inter alia*, never agreed to by SBS. SBS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 31 of the Complaint, and therefore denies each such allegation.

32. SBS admits that it never executed a Consulting Agreement with Plaintiff. SBS denies the remaining allegations in the first sentence of Paragraph 32 of the Complaint. SBS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 32 and footnote 2 of the Complaint, and therefore denies each such allegation.

33. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint, and therefore denies each such allegation.

34. SBS admits that the Exhibit C press release speaks for itself. SBS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 34 of the Complaint, and therefore denies each such allegation.

35. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint, and therefore denies each such allegation.

36. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint, and therefore denies each such allegation.

37. The allegations in Paragraph 37 of the Complaint are not directed to SBS and, therefore, no response is required. To the extent that a response is required, SBS lacks

knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint, and therefore denies each such allegation.

38. SBS denies the allegations in Paragraph 38 of the Complaint.

39. SBS denies the allegations in Paragraph 39 of the Complaint.

40. SBS denies the allegations in Paragraph 40 of the Complaint.

41. SBS admits that the Agreement speaks for itself and denies the remaining allegations contained in Paragraph 41 of the Complaint, including the existence of a Section 4.3 of the Agreement.

42. The allegations in Paragraph 42 of the Complaint are not directed to SBS and, therefore, no response is required. To the extent that a response is required, SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint, and therefore denies each such allegation.

43. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint, and therefore denies each such allegation.

44. SBS denies the allegations in Paragraph 44 of the Complaint.

45. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint, and therefore denies each such allegation.

46. SBS denies the allegations in Paragraph 46 of the Complaint.

47. SBS admits that Section 2.6 of the Agreement speaks for itself and denies the remaining allegations in Paragraph 47 of the Complaint.

48. The allegations in Paragraph 48 of the Complaint are not directed to SBS and, therefore, no response is required. To the extent that a response is required, SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint, and therefore denies each such allegation.

49. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint, and therefore denies each such allegation.

50. The allegations in Paragraph 50 of the Complaint are not directed to SBS and, therefore, no response is required. To the extent that a response is required, SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint, and therefore denies each such allegation.

51. The allegations in Paragraph 51 of the Complaint are not directed to SBS and, therefore, no response is required. To the extent that a response is required, SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Complaint, and therefore denies each such allegation.

52. The allegations in Paragraph 52 of the Complaint are not directed to SBS and, therefore, no response is required. To the extent that a response is required, SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint, and therefore denies each such allegation.

53. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint, and therefore denies each such allegation.

54. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint, and therefore denies each such allegation.

55. SBS denies the allegations in Paragraph 55 of the Complaint.

56. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint, and therefore denies each such allegation.

57. SBS denies the allegations in Paragraph 57 of the Complaint.

58. SBS denies that the purported Exhibit B Consulting Agreement is enforceable and denies the remaining allegations in Paragraph 58 of the Complaint.

59. SBS admits Exhibit D purports to be a letter from Plaintiff dated September 27, 2011, which speaks for itself. SBS denies the remaining allegations in Paragraph 59 of the Complaint.

60. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint, and therefore denies each such allegation.

61. SBS denies the allegations in Paragraph 61 of the Complaint.

## COUNT I- BREACH OF THE 12/18/10 AGREEMENT

62. SBS hereby incorporates by reference and repeats the responses contained in Paragraphs 1 through 61 above, as if fully set forth herein.

63. SBS denies the allegations in Paragraph 63 of the Complaint.

64. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Complaint, and therefore denies each such allegation.

65. SBS denies the allegations in Paragraph 65 of the Complaint.

66. SBS denies the allegations in Paragraph 66 of the Complaint.

67. SBS denies the allegations in Paragraph 67 of the Complaint.

## COUNT II-BREACH OF THE CONSULTING AGREEMENT

68. SBS hereby incorporates by reference and repeats the responses contained in Paragraphs 1 through 67 above, as if fully set forth herein.

69. SBS denies the allegations in Paragraph 69 of the Complaint.

70. SBS denies the allegations in Paragraph 70 of the Complaint.

71. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Complaint, and therefore denies each such allegation.

72. SBS denies the allegations in Paragraph 72 of the Complaint.

73. SBS denies the allegations in Paragraph 73 of the Complaint.

## COUNT III- BREACH OF FIDUCIARY DUTY

74. SBS hereby incorporates by reference and repeats the responses contained in Paragraphs 1 through 73 above, as if fully set forth herein.

75. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 of the Complaint, and therefore denies each such allegation.

76. The allegations in Paragraph 76 of the Complaint are not directed to SBS and, therefore, no response is required. To the extent that a response is required, SBS lacks

knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 of the Complaint, and therefore denies each such allegation.

77. The allegations in Paragraph 77 of the Complaint are not directed to SBS and, therefore, no response is required. To the extent that a response is required, SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 of the Complaint, and therefore denies each such allegation.

78. The allegations in Paragraph 78 of the Complaint are not directed to SBS and, therefore, no response is required. To the extent that a response is required, SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 of the Complaint, and therefore denies each such allegation.

79. The allegations in Paragraph 79 of the Complaint are not directed to SBS and, therefore, no response is required. To the extent that a response is required, SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Complaint, and therefore denies each such allegation.

80. SBS denies the allegations in Paragraph 80 of the Complaint.

81. SBS denies the allegations in Paragraph 81 of the Complaint.

82. SBS denies the allegations in Paragraph 82 of the Complaint.

83. SBS denies the allegations in Paragraph 83 of the Complaint.

**COUNT IV-BREACH OF SPECIAL OR CONFIDENTIAL RELATIONSHIP**

84. SBS hereby incorporates by reference and repeats the responses contained in Paragraphs 1 through 83 above, as if fully set forth herein.

85. SBS denies the allegations in Paragraph 85 of the Complaint.

86. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 of the Complaint, and therefore denies each such allegation.

87. SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 of the Complaint, and therefore denies each such allegation.

88. The allegations in Paragraph 88 of the Complaint are not directed to SBS and, therefore, no response is required. To the extent that a response is required, SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 of the Complaint, and therefore denies each such allegation.

89. SBS denies the allegations in Paragraph 89 of the Complaint.

90. SBS denies the allegations in Paragraph 90 of the Complaint.

## COUNT V- TORTIOUS INTERFERENCE

91. SBS hereby incorporates by reference and repeats the responses contained in Paragraphs 1 through 90 above, as if fully set forth herein.

92. SBS denies the allegations of Paragraph 92 of the Complaint.

93. The allegations in Paragraph 93 of the Complaint are not directed to SBS and, therefore, no response is required. To the extent that a response is required, SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 of the Complaint, and therefore denies each such allegation.

94. The allegations in Paragraph 94 of the Complaint are not directed to SBS and, therefore, no response is required. To the extent that a response is required, SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 of the Complaint, and therefore denies each such allegation.

95. The allegations in Paragraph 95 of the Complaint are not directed to SBS and, therefore, no response is required. To the extent that a response is required, SBS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 of the Complaint, and therefore denies each such allegation.

## DEFENDANT SBS MAGNETICS LLC'S AFFIRMATIVE DEFENSES

SBS while reserving its right to assert all other applicable defenses as this action proceeds, asserts the following affirmative defenses to Plaintiffs' Complaint:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every claim for relief therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by one or more of the doctrines of unclean hands, waiver, laches, estoppel, and/or other equitable doctrines.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each and every claim for relief therein, is barred because Plaintiff has not suffered any damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff consented or acquiesced to the acts or omissions of SBS alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with the terms of the Agreement.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the invalidity of the purported Consulting Agreement and cannot be enforced because SBS did not agree to the purported contract, or certain terms of the purported contract.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate damages.

### RIGHT TO AMEND

SBS currently lacks sufficient information to form a belief as to whether additional defenses may be available. Accordingly, SBS reserves the right to assert any and all additional defenses that subsequent discovery or investigation supports.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for the following:

A.  A judgment and order dismissing the claims of the Complaint, in their entirety, with prejudice;

B.  Such further relief as this Court may deem just and equitable.

DATED:  March 28, 2013

By: /s/ Marc J. Schneider w/permission Wes Hill
Marc J. Schneider
(will seek admission *pro hac vice*)
Email: mschneider@sycr.com
Douglas Q. Hahn
(will seek admission *pro hac vice*)
Email: dhahn@sycr.com

Stradling Yocca Carlson & Rauth
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Tel: (949) 725-4000
Fax: (949) 725-4100

T. John Ward, Jr.
State Bar No. 00794818
Email: jw@wsfirm.com
Wesley Hill
Tex. Bar No. 24032294
Email: wh@wsfirm.com
Akilah F. Craig
Tex. Bar No. 24076194
Email: akilah@wsfirm.com

**WARD & SMITH LAW FIRM**
P.O. Box 1231
1127 Judson Rd., Ste. 220
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

Attorneys for Defendant
SBS Magnetics LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document has been served on all counsel of record this 28th day of March, 2013, via electronic delivery.

/s/ Wesley Hill
Wesley Hill
