IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DAVID N. LAMBETH, D/B/A LAMBETH SYSTEMS (A SOLE PROPRIETORSHIP),<br><br>PLAINTIFF,<br><br>vs.<br><br>ACACIA RESEARCH CORPORATION; SBS MAGNETICS LLC,<br><br>DEFENDANTS. | Civil Action No. 2:13-cv-194<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT ACACIA RESEARCH CORPORATION'S
ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Acacia Research Corporation ("Defendant" or "Acacia") hereby answers the Original Complaint filed by Plaintiff David N. Lambeth, d/b/a Lambeth Systems ("Plaintiff" or "Lambeth") and asserts its affirmative defenses as follows:

**NATURE OF THE ACTION**

1.      Acacia admits that its business involves, *inter alia*, acquiring, licensing and/or assisting in licensing patents. Acacia further admits that it also assists inventors in licensing patents that they might otherwise be unable to license. Finally, Acacia admits that it has, on occasion, formed subsidiaries that have held patent rights and that SBS is one such subsidiary. Acacia denies the remaining allegations in Paragraph 1 of the Original Complaint.

2.      The allegations contained in the first and second sentence of Paragraph 2 are not directed to Acacia and, therefore, require no response. To the extent that a response is required, Acacia admits that SBS entered into an agreement with Plaintiff. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of

Paragraph 2 of the Original Complaint, and therefore denies each such allegation.  Acacia denies the remaining allegations contained in Paragraph 2 of the Original Complaint.

3. The allegations contained in the first and second sentence of Paragraph 3 are not directed to Acacia and, therefore, require no response.  To the extent that a response is required, Acacia admits that SBS entered into an agreement with Plaintiff effective December 18, 2010 (the "Agreement"), which agreement speaks for itself.  Acacia denies the remaining allegations in Paragraph 3 and footnote 1 of the Original Complaint.

4. Acacia denies the allegations in Paragraph 4 of the Original Complaint.

## PARTIES

5. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 5 of the Original Complaint, and therefore denies each such allegation.

6. Acacia admits that it is a Delaware corporation having a principal place of business at 500 Newport Center Drive, Newport Beach, CA 92660 and that it is publicly traded on the NASDAQ stock index as ACTG.  Acacia also admits that Paul Ryan is its registered agent at that same address.  Acacia denes the remaining allegations contained in Paragraph 6 of the Original Complaint.

7. The allegations contained in Paragraph 7 are not directed to Acacia and, therefore, require no response.  To the extent that a response is required, Acacia admits that SBS is a Texas limited liability company having a place of business at 6136 Frisco Square Boulevard, Suite 385, Frisco, TX 75034 and that SBS' registered agent is: Registered Agent Solutions, Inc.  Acacia denies the remaining allegations contained in Paragraph 7 of the Original Complaint.

## JURISDICTION AND VENUE

8. Acacia admits that this action purports to arise under 28 U.S.C. § 1332 and that the parties as pled are of diverse citizenship.  Acacia denies the remaining allegations contained in Paragraph 8, including that Plaintiff has stated a claim for damages in excess of $75,000.00, exclusive of interests and costs.

9. Acacia admits that the Agreement Section 7.1 speaks for itself and denies the remaining allegations contained in Paragraph 9.

10. The allegations contained in Paragraph 10 are not directed to Acacia and, therefore, require no response. To the extent that a response is required, Acacia admits that SBS is a Texas limited liability company and denies the remaining allegations set forth in Paragraph 10 of the Original Complaint.

11. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 11 of the Original Complaint, and therefore denies each such allegation.

12. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 12 of the Original Complaint, and therefore denies each such allegation.

## FACTUAL BACKGROUND

13. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 13 of the Original Complaint, and therefore denies each such allegation.

14. Acacia admits that Lambeth met Phil Mitchell, Dooyoung Lee and Steve Wong from Acacia. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 14 of the Original Complaint, and therefore denies each such allegation.

15. Acacia admits that Lambeth met Phil Mitchell, Dooyoung Lee and Steve Wong from Acacia. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 15 of the Original Complaint, and therefore denies each such allegation.

16. Acacia admits U.S. Patent No. 7,128,988 speaks for itself and lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 16 of the Original Complaint, and therefore denies each such allegation.

17. Acacia admits the Singapore, Korea, Japan and European Union counterparts to U.S. Patent No. 7,128,988 speak for themselves and lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17 of the Original Complaint, and therefore denies each such allegation.

18. Acacia admits that Exhibit A purports to be a copy of the Agreement and that the Agreement speaks for itself. Acacia denies the remaining allegations contained in Paragraph 18.

19. Acacia admits that the Agreement and that the Agreement speaks for itself. Acacia denies the remaining allegations contained in Paragraph 19.

20. The allegations contained in Paragraph 20 are not directed to Acacia and, therefore, require no response. To the extent that a response is required, Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Original Complaint, and therefore denies each such allegation.

21. Acacia admits that the Agreement Section 3.4 speaks for itself and denies the remaining allegations contained in Paragraph 21.

22. Acacia denies the allegations in Paragraph 22 of the Original Complaint.

23. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Original Complaint, and therefore denies each such allegation.

24. Acacia denies the allegations in Paragraph 24 of the Original Complaint.

25. Acacia admits that its officers and/or employees were involved in negotiation the Agreement with Lambeth and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Original Complaint, and therefore denies each such allegation.

26. Acacia admits that SBS filed as a Domestic Limited Liability Company on December 7, 2010 in the State of Texas. Acacia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 26 of the Original Complaint, and therefore denies each such allegation.

27. The allegations contained in Paragraph 27 are not directed to Acacia and, therefore, require no response. To the extent that a response is required, Acacia denies the allegations in Paragraph 27 of the Original Complaint.

28. Acacia admits that its business involves, *inter alia*, acquiring, licensing and/or assisting in licensing patents. Acacia further admits that it has, on occasion, formed subsidiaries that have held patent rights and that SBS is one such subsidiary. Acacia denies the remaining allegations in Paragraph 28 of the Original Complaint.

29. Acacia denies the allegations in Paragraph 29 of the Original Complaint.

30. Acacia denies the allegations in Paragraph 30 of the Original Complaint.

31. Acacia admits that Exhibit B purports to be a Consulting Agreement but denies that Exhibit B is enforceable as it was, *inter alia*, never agreed to by SBS. Acacia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 31 of the Original Complaint, and therefore denies each such allegation.

32. Acacia admits that the Exhibit B Consulting Agreement was not executed by SBS. Acacia denies the remaining allegations in the first sentence of Paragraph 32 of the Original Complaint. Acacia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 32 and footnote 2 of the Original Complaint, and therefore denies each such allegation.

33. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Original Complaint, and therefore denies each such allegation.

34. Acacia admits that the Exhibit C press release speaks for itself. Acacia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 34 of the Original Complaint, and therefore denies each such allegation.

35. Acacia admits that it entered into an agreement with Samsung on or about March 4, 2011, the terms of which are confidential, and that taxes were paid to the government of South

Korea. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Original Complaint, and therefore denies each such allegation.

36. Acacia admits that it informed Lambeth of its agreement with Samsung and denies the remaining allegations in Paragraph 36 of the Original Complaint.

37. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Original Complaint, and therefore denies each such allegation.

38. Acacia denies the allegations in Paragraph 38 of the Original Complaint.

39. Acacia denies the allegations in Paragraph 39 of the Original Complaint.

40. Acacia denies the allegations in Paragraph 40 of the Original Complaint.

41. Acacia admits that the Agreement speaks for itself and denies the remaining allegations contained in Paragraph 41 of the Original Complaint, including the existence of a Section 4.3 of the Agreement.

42. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Original Complaint, and therefore denies each such allegation.

43. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Original Complaint, and therefore denies each such allegation.

44. Acacia denies the allegations in Paragraph 44 of the Original Complaint.

45. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Original Complaint, and therefore denies each such allegation.

46. Acacia denies the allegations in Paragraph 46 of the Original Complaint.

47. Acacia admits that Section 2.6 of the Agreement speaks for itself and denies the remaining allegations in Paragraph 47 of the Original Complaint.

48. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Original Complaint, and therefore denies each such allegation.

49. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Original Complaint, and therefore denies each such allegation.

50. Acacia admits that it recognized revenue from the Samsung agreement as part of its 10-Q for the quarter ended March 31, 2011 and denies the remaining allegations contained in Paragraph 50 of the Original Complaint.

51. Acacia admits that it recognized revenue from the Samsung agreement as part of its 10-Q for the quarter ended March 31, 2011 and that Koran foreign withholding tax was paid. Acacia denies the remaining allegations contained in Paragraph 51 of the Original Complaint.

52. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Original Complaint, and therefore denies each such allegation.

53. Acacia denies the allegations in Paragraph 53 of the Original Complaint.

54. Acacia denies the allegations in Paragraph 54 of the Original Complaint.

55. Acacia denies the allegations in Paragraph 55 of the Original Complaint.

56. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Original Complaint, and therefore denies each such allegation.

57. Acacia denies the allegations in Paragraph 57 of the Original Complaint.

58. Acacia denies that the purported Exhibit B Consulting Agreement is valid or enforceable and denies the remaining allegations in Paragraph 58 of the Original Complaint.

59. Acacia admits Exhibit D purports to be a letter from Plaintiff dated September 27, 2011, which speaks for itself. Acacia denies the remaining allegations in Paragraph 59 of the Original Complaint.

60. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Original Complaint, and therefore denies each such allegation.

61. Acacia denies the allegations in Paragraph 61 of the Original Complaint.

## COUNT I-BREACH OF THE 12/18/10 AGREEMENT

62. Acacia hereby incorporates by reference and repeats the responses contained in Paragraphs 1 through 61 above, as if fully set forth herein.

63. Acacia denies the allegations in Paragraph 63 of the Original Complaint.

64. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Original Complaint, and therefore denies each such allegation.

65. Acacia denies the allegations in Paragraph 65 of the Original Complaint.

66. Acacia denies the allegations in Paragraph 66 of the Original Complaint.

67. Acacia denies the allegations in Paragraph 67 of the Original Complaint.

## COUNT II-BREACH OF THE CONSULTING AGREEMENT

68. Acacia hereby incorporates by reference and repeats the responses contained in Paragraphs 1 through 67 above, as if fully set forth herein.

69. Acacia denies the allegations in Paragraph 69 of the Original Complaint.

70. Acacia denies the allegations in Paragraph 70 of the Original Complaint.

71. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Original Complaint, and therefore denies each such allegation.

72. Acacia denies the allegations in Paragraph 72 of the Original Complaint.

73. Acacia denies the allegations in Paragraph 73 of the Original Complaint.

## COUNT III-BREACH OF FIDUCIARY DUTY

74. Acacia hereby incorporates by reference and repeats the responses contained in Paragraphs 1 through 73 above, as if fully set forth herein.

75. Acacia denies the allegations in Paragraph 75 of the Original Complaint.

76. Acacia denies the allegations in Paragraph 76 of the Original Complaint.

77. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 of the Original Complaint, and therefore denies each such allegation.

78. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 of the Original Complaint, and therefore denies each such allegation.

79. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Original Complaint, and therefore denies each such allegation.

80. Acacia denies the allegations in Paragraph 80 of the Original Complaint.

81. Acacia denies the allegations in Paragraph 81 of the Original Complaint.

82. Acacia denies the allegations in Paragraph 82 of the Original Complaint.

83. Acacia denies the allegations in Paragraph 83 of the Original Complaint.

## **COUNT IV-BREACH OF SPECIAL OR CONFIDENTIAL RELATIONSHIP**

84. Acacia hereby incorporates by reference and repeats the responses contained in Paragraphs 1 through 83 above, as if fully set forth herein.

85. Acacia denies the allegations in Paragraph 85 of the Original Complaint.

86. Acacia denies the allegations in Paragraph 86 of the Original Complaint.

87. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 of the Original Complaint, and therefore denies each such allegation.

88. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 of the Original Complaint, and therefore denies each such allegation.

89. Acacia denies the allegations in Paragraph 89 of the Original Complaint.

90. Acacia denies the allegations in Paragraph 90 of the Original Complaint.

## COUNT V-TORTIOUS INTERFERENCE

91. Acacia hereby incorporates by reference and repeats the responses contained in Paragraphs 1 through 90 above, as if fully set forth herein.

92. Acacia denies the allegations of Paragraph 92 of the Original Complaint.

93. Acacia denies the allegations of Paragraph 93 of the Original Complaint.

94. Acacia denies the allegations of Paragraph 94 of the Original Complaint.

95. Acacia lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 of the Original Complaint, and therefore denies each such allegation.

## DEFENDANT ACACIA RESEARCH CORPORATION'S AFFIRMATIVE DEFENSES

Acacia while reserving its right to assert all other applicable defenses as this action proceeds, asserts the following affirmative defenses to Plaintiffs' Original Complaint:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Original Complaint, and each and every claim for relief therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by one or more of the doctrines of unclean hands, waiver, laches, estoppel, and/or other equitable doctrines.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Original Complaint and each and every claim for relief therein, is barred because Plaintiff has not suffered any damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff consented or acquiesced to the acts or omissions of Acacia alleged in the Original Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with the terms of the Agreement.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the invalidity of the purported Consulting Agreement and cannot be enforced because Acacia did not agree to the purported contract, or certain terms of the purported contract.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate damages.

## RIGHT TO AMEND

Acacia currently lacks sufficient information to form a belief as to whether additional defenses may be available.  Accordingly, Acacia reserves the right to assert any and all additional defenses that subsequent discovery or investigation supports.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for the following:

A.   A judgment and order dismissing the claims of the Original Complaint, in their entirety, with prejudice; and

B.   Such further relief as this Court may deem just and equitable.

DATED:  March 29, 2013

By: */s/ Richard B. Specter w/permission Wes Hill*
Richard B. Specter (CA SBN 114090)
Admitted *pro hac vice*
Email: rspecter@corbsteel.com
Diane L. Ellis (CA SBN 130628)
Admitted *pro hac vice*
Email: dellis@corbsteel.com

11

       Corbett, Steelman & Specter
       18200 Von Karman Ave., #900
       Irvine, CA  92612
       Tel: (949) 553-9266
       Fax: (949) 553-8454

       T. John Ward, Jr.
       State Bar No. 00794818
       Email: jw@wsfirm.com
       Wesley Hill
       Tex. Bar No. 24032294
       Email: wh@wsfirm.com
       Akilah F. Craig
       Tex. Bar No. 24076194
       Email: akilah@wsfirm.com

       **WARD & SMITH LAW FIRM**
       P.O. Box 1231
       1127 Judson Rd., Ste. 220
       Longview, Texas 75606-1231
       Tel: (903) 757-6400
       Fax: (903) 757-2323

       Attorneys for Defendant
       Acacia Research Corporation

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that the foregoing document has been served on all counsel of record this 29th day of March, 2013, via electronic delivery.

       /s/ Wesley Hill
       Wesley Hill