IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DAVID N. LAMBETH D/B/A LAMBETH SYSTEMS, § § § | |
| Plaintiff, § § § | |
| v. § | No. 2:13-CV-00194-JRG-RSP |
| § | |
| ACACIA RESEARCH CORPORATION, ET AL., § § § § | |
| Defendants. § | |

## ORDER

In this breach of contract case, Celltrace Communications Ltd. moves to intervene for the purpose of unsealing certain judicial records. Celltrace's Motion [Dkt. # 37]. Defendant Acacia Research Corporation opposes unsealing the records. Acacia's Opp'n [Dkt. # 40]. Plaintiff David Lambeth and Defendant SBS Magnetics LLC have not responded to Celltrace's motion.

After considering Celltrace's and Acacia's briefing, the Court will (1) **GRANT** Celltrace's motion to intervene, and (2) separately consider Celltrace's Complaint in Intervention [Dkt. # 37-1] as a motion to unseal judicial records. As to the latter, the Court will hear argument at 9:00 a.m. on March 2, 2018.

## Background

In March 2013, Lambeth sued Defendants Acacia and SBS Magnetics for breach of

a December 2010 "Agreement" whereby Lambeth assigned rights in certain United States and foreign patents to SBS Magnetics. In exchange, SBS made a non-refundable up-front cash payment, promised to make a number of milestone payments, and promised to pay royalties on the licensing proceeds of the patents.

In addition, SBS promised not to bundle Lambeth's patents with other patents in any patent litigation or licensing arrangement. This was particularly important to Lambeth, who was concerned Defendants would have difficulty properly valuing Lambeth's patents if they were part of a larger portfolio.

Despite this restriction, Defendants collectively licensed Lambeth's patents and other patents related to smart phones to Samsung. Lambeth sued, and filed this case under seal. The parties quickly resolved their dispute, and the Court dismissed Lambeth's claims in July 2013 without having decided any substantive motions.

The Court later unsealed the case, but three documents remain sealed: (1) the non-public version of the Complaint [Dkt. # 2], (2) the Agreement, *id.* at 21–39; *see also* [Dkt. # 28-1], and (3) the Court's Order [Dkt. # 18] granting Lambeth's motion to seal the Complaint. Celltrace now asks the Court to unseal these documents for two reasons: (1) Acacia cannot show competitive harm it would suffer if the documents were unsealed, Celltrace's Motion [Dkt. # 37] at 12–15; and (2) the public interest favors unsealing the documents, *id.* at 15–18.

Acacia responds that Celltrace seeks to unseal these records for an improper purpose, which is to use the documents in a pending arbitration proceeding with Acacia.

Acacia's Opp'n [Dkt. # 40] at 8–11. Moreover, says Acacia, the public has low interest in accessing the documents given their non-dispositive nature, *id.* at 11–12, and the documents contain highly sensitive and classified business information that would cause significant harm to Acacia if made public—namely, the amount of the initial payment made to Lambeth plus a unique and intricate formula for making further payments to Lambeth, *id.* at 12–14.

\* \* \*

First, Acacia offers no meaningful opposition to Celltrace's intervention. Accordingly, the Court **GRANTS** Celltrace's Motion to Intervene [Dkt. # 37] and will recognize Celltrace as an intervenor for the limited purpose of moving to unseal the Court's Order [Dkt. # 18], Lambeth's Original Complaint [Dkt. # 2], and the Lambeth Agreement. To that end, the Court will treat Celltrace's Complaint in Intervention [Dkt. # 37-1] as a fully briefed motion to unseal these documents and hear argument at 9:00 a.m. on March 2, 2018.

Second, the Court has reviewed Lambeth's Original Complaint [Dkt. # 2], the Lambeth Agreement, the parties' briefing, and the applicable law. To help the parties focus their arguments at the hearing—with the understanding Celltrace will be somewhat limited by its inability to access the documents—the Court *is likely* to (1) unseal the Original Complaint in its entirety (except for Exhibit A, which is the Lambeth Agreement), and (2) order Acacia to file a public version of the Lambeth Agreement that

only redacts (a) dollar amounts, (b) the ABA Number and Account Number on page 2, and (c) the portion begin-ning with "$F_A$ Formula" on page 4 through the first full paragraph on page 5. With this intent in mind, the parties should promptly confer about whether such an outcome would address the parties' concerns and advise the Court about the extent to which they can reach agreement on what information should remain sealed.

As a final matter, the Court **ORDERS** the Clerk to unseal the Court's Order [Dkt. # 18].

**SIGNED this 14th day of February, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE